IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02111-BNB

WILLARD ARTHUR, Allodial,

    Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO,
THE STATE OF COLORADO, and
WARDEN V. EVERT, KCCC,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 7 2011

GREGORY C. LANGHAM
                       CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Willard Arthur, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Arthur has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee.

The Court must construe the Application liberally because Mr. Arthur is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Arthur will be ordered to file an Amended Application.

The Court has reviewed the Application and finds that it is deficient. Mr. Arthur fails to assert claims that comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. See Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S.

257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Arthur's Application is unintelligible. He appears to complain that the Montrose County District Court has refused to provide him with copies of various requested documents concerning his state criminal case. However, he does not articulate how his constitutional or federal statutory rights are being violated in a manner that is remediable through federal habeas corpus. A state prisoner seeking relief under 28 U.S.C. § 2254 must show that he is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a).

Although Mr. Arthur has failed to comply with Fed. R. Civ. P. 8, he will be given an opportunity to file an Amended Application. Accordingly, it is

ORDERED that Mr. Arthur file, **within thirty days from the date of this Order**, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that complies with this Order. It is

FURTHER ORDERED that Mr. Arthur shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (with the

assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Arthur fails within the time allowed to file an Amended Application as directed, the action will be dismissed without prejudice and without further notice.

DATED September 27, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  11-cv-02111-BNB

Willard Arthur
Prisoner No. 104631
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 27, 2011

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk